IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| TABBARIS LEON BROWN, | |
| Plaintiff, | |
| v. | CASE NO. 3:15-CV-1-MSH |
| | Social Security Appeal |
| CAROLYN W. COLVIN, | |
| Commissioner of Social Security, | |
| Defendant. | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that he suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

2

impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I.   **Whether the ALJ properly evaluated Plaintiff's mental impairment(s) and determined that Plaintiff does not meet either Listing 12.05B or 12.05C.**

II.  **Whether the ALJ adequately explained the reasoning for his evaluation of a consultative examiner's opinion and incorporated it into the RFC.**

### Administrative Proceedings

Plaintiff applied for supplemental security income on November 17, 2011 alleging that he has been disabled to work since January 31, 2008.  Tr. 11, ECF No. 10-2. Plaintiff's application was denied initially and on reconsideration, and Plaintiff timely requested a hearing before an ALJ.  The ALJ conducted a hearing on July 24, 2013.  *Id*. Following the hearing, the ALJ issued an unfavorable decision on August 23, 2013.  Tr. 11-22.  The Appeals Council ultimately denied Plaintiff's Request for Review on November 10, 2014.  Tr. 1-3.  This appeal followed.

### Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff had not engaged in substantial gainful activity as defined by the Act since November 17, 2011, the application date.  Tr. 13.  The ALJ found that Plaintiff had the severe impairments of borderline intellectual functioning (rule-out mild mental retardation), obesity, and asthma.  *Id*.  The ALJ then determined that Plaintiff had no impairments or combination of impairments that met or medically equaled any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 14-16.

After consideration of the entire record, the ALJ found that Plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels with nonexertional limitations. Tr. 16-20. Plaintiff had no past relevant work. Tr. 20. The ALJ further found that Plaintiff was 28 years old on the alleged disability date, which is defined as a younger individual age 18-49. *Id*. The ALJ found Plaintiff possessed a high school education and the ability to communicate in English. *Id*.

Because the nonexertional limitations within the RFC assessment compromised Plaintiff's ability to work, the ALJ elicited testimony from a vocational expert (VE) that, considering his education, age, work experience, and RFC, there were jobs which existed in significant numbers in the national economy which Plaintiff could perform such as picking table worker, basket filler, and packing floor worker. Tr. 21. The ALJ therefore found that Plaintiff had not been under a disability as defined in the Act from November 17, 2011 through the date of the decision. Tr. 22.

## DISCUSSION

In his brief on appeal, Plaintiff raises three issues about how the ALJ evaluated his nonexertional impairment of borderline intellectual functioning. He also asserts in his fourth contention that the ALJ failed to specify the weight given to the opinion of a consultative psychologist. Pl.'s Br. 1-2, ECF No. 11. The Commissioner responds that substantial evidence supports the ALJ's decision and that correct legal principles were applied in reaching the decision. Comm'r's Br., ECF No. 12. Because the Court finds merit in Plaintiff's argument that the ALJ improperly disregarded a valid IQ score of 53, only that issue is addressed herein.

On April 23, 2012, Plaintiff was evaluated by a consultative psychologist, John Grace, Psy.D. Tr. 454-60. Prior to the evaluation, Dr. Grace had only the Adult Disability Report to review. He did not have access to the school records that are in the full record in this case. Tr. 455. Dr. Grace conducted a clinical interview and a mental status examination and administered the Wechsler Adult Intelligence Scale-IV (WAIS-IV), the Wide Range Intelligence Test-4 (WRAT-4) and Bender Gestalt. Tr. 458-59. Dr. Grace assessed Plaintiff with a full scale IQ of 53 with an estimate that retesting would result in a score of 50 to 58 with 95% reliability. Dr. Grace specifically said that the full scale 53 should be considered "the best representation of his overall intellectual abilities." He also said the 53 placed him in the 0.1 percentile among age peers and thus classified Plaintiff's intellectual ability as "extremely low" with "severely limited" cognitive deficits. Tr. 458, 460. Most important, Dr. Grace stated clearly in his written report that "these results are considered to be a valid representation of his intellectual, academic, behavioral and emotional functioning." Tr. 458.

However,—and here is the core issue in this case—Dr. Grace also said "a diagnosis of mild mental retardation should be ruled out as this diagnosis could be definitively given without documentation regarding his academic and/or adaptive functioning prior to the age of 18." Tr. 458. The structure of the sentence indicates that "not" should have been stated between "could" and "be." The ALJ relied on the statement to find that Plaintiff has no diagnosis of mental retardation or intellectual disability and thus did not meet the Listing 12.05B.

At the hearing, Plaintiff's counsel requested that the school records be sent to Dr.

6

Grace and that he be recontacted after he had reviewed them. Tr. 31. This is what should have been done. Instead, the ALJ pointed out in his written decision that Plaintiff had higher scores fifteen years earlier when tested through the Clarke County Schools, scores which would not meet the listing in question. But he did not adequately address the significant and determinative gap in the record evidence, despite being asked to do so. He merely wrote that "(t)here is nothing in the records that would appear to explain such a large discrepancy between IQ scores." Tr. 16. Clearly, additional evidence is necessary to properly evaluate Plaintiff's claim. *Johnson v. Barnhart,* 138 F. App'x 266, 270 (11th Cir. 2005).[3]

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is ORDERED that Plaintiff's case be REMANDED to the Social Security Commissioner, under sentence four of Section 205(g) of the Social Security Act, for further proceedings consistent with this opinion. On remand, the Commissioner is directed to consider the arguments raised in Plaintiff's brief and address the other issues contained therein.

SO ORDERED, this 5th day of June, 2015.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE

---

[3] The error is compounded to some extent by the failure of the ALJ to state what weight he afforded to the findings by Dr. Grace. The Commissioner should do so on remand.